**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4865**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES BERNARD JONES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:06-cr-00451-WLO-1)

Submitted:  March 20, 2008          Decided:  April 11, 2008

Before NIEMEYER and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Lisa Blue
Boggs, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James B. Jones appeals his convictions and 150-month sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Counsel for Jones filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks this court to review whether Jones' sentence is unreasonable in light of Kimbrough v. United States, 128 S. Ct. 558 (2007), and the subsequent amendments to the Sentencing Guidelines regarding offenses involving cocaine base. In response, the Government filed a motion to dismiss based upon the waiver of appellate rights in Jones' plea agreement. Jones filed a pro se supplemental brief in which he contended that his counsel was ineffective in litigating his motion to suppress.[*]

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has waived his right to appeal is an issue of law subject to de novo review. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is valid and that the issue is within

---

[*]We grant Jones' motion for an extension of time and deem his pro se brief to be timely filed.

the scope of that waiver. <u>United States v. Attar</u>, 38 F.3d 727, 731-33 (4th Cir. 1994); <u>cf.</u> <u>United States v. Blick</u>, 408 F.3d 162, 171 (4th Cir. 2005) (refusing to enforce waiver for a "narrow class of claims" that are not within the scope of the waiver).

In his <u>Anders</u> brief, Jones contends his sentence is unreasonable in light of amendments to the Sentencing Guidelines for offenses involving cocaine base and the Supreme Court's ruling in <u>Kimbrough</u>. However, these claims are squarely within the scope of the appellate waiver, as Jones waived his right to appeal any sentence below the statutory maximum "on any ground." <u>See</u> <u>Blick</u>, 408 F.3d at 172-73. Accordingly, Jones' claims in regard to his sentence are barred by the appellate waiver.

In his pro se supplemental brief, Jones claims his trial counsel was ineffective in litigating his motion to suppress. Such claims of ineffective assistance of counsel are not barred by the appellate waiver; however, these claims should be raised in a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal unless the record conclusively demonstrates ineffective assistance. <u>See</u> <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). Such a claim cannot be fairly adjudicated on direct appeal when the appellant has not raised the issue before the district court and there is no statement from counsel on the record. <u>United States v. DeFusco</u>, 949 F.2d 114, 120-21 (4th Cir. 1991). The existing record does not conclusively support Jones' claims regarding ineffective

assistance of counsel.  Accordingly, these claims must be raised as part of a § 2255 motion rather than on direct appeal.

Accordingly, we grant the Government's motion to dismiss as to Jones' sentencing claims.  As for Jones' pro se claims that he received ineffective assistance of counsel, we deny the Government's motion to dismiss as to those claims, but nonetheless affirm Jones' convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART